OPINION.
Love:
The petitioner’s first contention is that he sustained a loss by reason of the dissolution of the Copper Mountain Mining & Smelter Co. which is deductible in the year 1919 if not in the year 1920. In this respect he fails to sustain the burden of proof.
*888 The record is not clear as to whether the corporation was, in fact, dissolved, and there is no evidence as to whether, assuming the corporation was dissolved, the petitioner received anything in liquidation of his stock.
The petitioner adduced no evidence with respect to the cost of the 92,500 shares of stock to him. Assuming, therefore, that the corporation was dissolved and that the petitioner received nothing in liquidation of his stock, it is apparent that he has failed to establish that a loss was in fact sustained for the reason that the March 1, 1913, value of the stock is simply a limitation upon the amount of gain or loss that might otherwise accrue. We approve, therefore, the Commissioner’s action in disallowing any deduction on account of the alleged loss in respect of the stock of the Copper Mountain Mining & Smelter Co.
The petitioner’s second contention is that he acquired 17,000 shares of stock of the Iioeher De Boule Mining Co. for 50 cents per share, which stock on March 1, 1913, had a fair market value of 43cents per share, and that in 1920 he sold the stock for 5 cents per share to Oppenheimer, a business associate. The Commissioner denies these facts.
The petitioner was not present at the hearing held in this proceeding. Cohen, a business associate, testified that petitioner had told him that he purchased the stock in question at the price named. He further testified that Oppenheimer wrote to him that he had purchased the stock for 5 cents per share. This testimony is purely hearsay and clearly incompetent to prove the necessary facts.
We are of the opinion that the evidence fails to establish the alleged loss with respect to the stock of the Rocher De Boule Mining Co., and, consequently, we approve the Commissioner’s action in regard thereto.

Judgment will be entered for the respondent.